1   Docketing E-Mail: pxdocketing@bhfs.com

2       Kory A. Langhofer – 024722
            klanghofer@bhfs.com
3       Thomas J. Basile – 031150
            tbasile@bhfs.com
4   **BROWNSTEIN HYATT FARBER**
            **SCHRECK, LLP**
5   One East Washington Street, Suite 2400
            Phoenix, Arizona 85004
6       Telephone:  602.382.4040
        Facsimile:  602.382.4020
7
        *Attorneys for the Plaintiffs*
8

9               **IN THE UNITED STATES DISTRICT COURT**

10                **FOR THE DISTRICT OF ARIZONA**

11  Public Integrity Alliance, Inc., an Arizona          No.
    nonprofit membership corporation; Bruce
12  Ash, an individual; Fernando Gonzales, an
    individual; Ann Holden, an individual; Lori          **COMPLAINT**
13  Oien, an individual; and Ken Smalley, an
    individual,
14
                Plaintiffs,
15
    v.
16
    City of Tucson, a chartered city of the State
17  of Arizona; Jonathan Rothschild, in his
    capacity as the Mayor of the City of Tucson;
18  Regina Romero, Paul Cunningham, Karin
    Uhlich, Shirley Scott, Richard Fimbres, and
19  Steve Kozachik, each in his or her capacity
    as a member of the Tucson City Council;
20  and Roger Randolph, in his capacity as the
    Clerk of the City of Tucson,
21
                Defendants.
22

23          Plaintiffs Public Integrity Alliance, Inc. (the "Alliance"), and Bruce Ash, Fernando

24  Gonzales, Ann Holden, Lori Oien, and Ken Smalley (the "Individual Plaintiffs," and

25  together with the Alliance, the "Plaintiffs"), state and allege as follows:

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

### SUMMARY OF THE CASE

1.      This action challenges on constitutional grounds the City of Tucson's method of electing members of its City Council, which consists of partisan primaries conducted separately in each ward, followed by a general election in which each ward's nominees run citywide on an at-large basis (the "Hybrid System").  *See* Tucson City Charter ch. XVI, § 9.

2.      The Hybrid System effectuates a denial or dilution of the right to vote, and therefore violates the Fourteenth Amendment to the United States Constitution and Article II, §§ 13 and 21 of the Arizona Constitution.

3.      Plaintiffs therefore bring this action for a declaration that the Hybrid System is unconstitutional, and for orders that (a) preliminary and permanently enjoin use of the Hybrid System in connection with the 2015 City Council elections and all City Council elections thereafter held, and (b) provide that all primary and general elections for the office of City Council must be conducted on either an entirely ward-based or an entirely at-large basis pending any amendment to the Tucson City Charter.

### PARTIES

4.      The Alliance is a nonprofit membership corporation organized under the laws of the State of Arizona.  Its purpose is to advance policies that promote ethics, integrity, transparency, and accountability in government, as well as to advocate and promote the protection of voting rights and the integrity of the electoral process.

5.      Among the Alliance's members are individuals who are residents and qualified electors of the City of Tucson.  *See* Decl. of Tyler Montague, attached hereto as Exhibit A.

6.      As a membership organization, the Alliance has standing to bring this action in a representational capacity.  *See generally Warth v. Seldin*, 422 U.S. 490 (1975).

7.      Plaintiff Bruce Ash is an individual who will at the time of the August 2015 primary election and the November 2015 general election reside in Ward 2 of the City of

Tucson, and is registered as a member of the Republican Party to vote in Pima County, Arizona.  *See* Decl. of Bruce Ash, attached hereto as <u>Exhibit B</u>.

8.     Plaintiff Fernando Gonzales is an individual who resides in Ward 1 of the City of Tucson and is registered as a member of the Republican Party to vote in Pima County, Arizona.  *See* Decl. of Fernando Gonzales, attached hereto as <u>Exhibit C</u>.

9.     Plaintiff Ann Holden is an individual who resides in Ward 3 of the City of Tucson and is registered as a member of the Republican Party to vote in Pima County, Arizona.  *See* Decl. of Ann Holden, attached hereto as <u>Exhibit D</u>.

10.     Plaintiff Lori Oien is an individual who resides in Ward 2 of the City of Tucson and is registered as a member of the Republican Party to vote in Pima County, Arizona.  *See* Decl. of Lori Oien, attached hereto as <u>Exhibit E</u>.

11.     Plaintiff Ken Smalley is an individual who resides in Ward 6 of the City of Tucson and is registered as a member of the Republican Party to vote in Pima County, Arizona.

12.     Defendant City of Tucson is a chartered city of the State of Arizona.

13.     Defendant Jonathan Rothschild is the Mayor of the City of Tucson, and is named in this action in his official capacity only.  The Mayor is the chief executive officer responsible for enforcing the laws of the City of Tucson, and "shall be recognized as the official head of the city by the courts for the purpose of service of civil process upon the city and…appearing in any manner before the courts on behalf of the city."  *See* Tucson City Charter ch. VI, §§ 1, 4.

14.     Defendants Regina Romero, Paul Cunningham, Karin Ulrich, Shirley Scott, Richard Fimbres, and Steve Kozachik are members of the Tucson City Council, and are named in this action in their official capacities only.  The Tucson City Council is a public body charged with enacting local legislation and determining public policies in the City of Tucson, Arizona.  *See* Tucson City Charter ch. IV, VII.

15.     Defendant Roger Randolph is the Clerk of the City of Tucson, and is named in this action in his official capacity only.  The City Clerk is a public officer responsible

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

for promulgating "rules, regulations, procedures, and forms necessary to conduct city elections" and for "carry[ing] out the provisions" of the Tucson City Code and the Tucson City Charter pertaining to the conduct of city elections.  *See* Tucson City Code § 12-1.3.

## JURISDICTION AND VENUE

16.    Because two of the Plaintiffs' claims arise under the Constitution and laws of the United States, the Court has subject matter jurisdiction over those causes of action pursuant to 28 U.S.C. § 1331.

17.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' claims arising under the Arizona Constitution because those causes of action are closely related to Plaintiffs' federal law claims.

18.    Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because all of the Defendants maintain their principal place of business in this District. In addition, all of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

19.    The Tucson Division of this Court is the proper intra-district venue for this action pursuant to Local Rule of Civil Procedure 77.1 because the Plaintiffs' causes of action arise out of transactions and occurrences in Pima County.

## FACTUAL BASIS OF CLAIMS

20.    The City of Tucson is divided into six wards composed of substantially equal populations.  *See* Tucson City Charter ch. XVI, § 8.

21.    One seat on the six-member City Council is allotted to each ward.  *See* Tucson City Charter ch. III, § 1.  A candidate for the City Council must reside in the ward from which he or she seeks to be nominated.  *See* Tucson City Charter ch. XVI, §§ 5, 9.

22.    The four-year terms of the City Council members are staggered, and elections are held on a biennial basis in odd-numbered years.  *See* Tucson City Charter ch. XVI, §§ 3, 4.  Members holding the seats allotted to Ward 1, Ward 2, and Ward 4 will

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

next be elected in 2015; elections for the seats designated to Ward 3, Ward 5, and Ward 6 will next be held in 2017.

23.     Each ward whose City Council seat is up for election conducts in August of the election year a partisan primary to select one nominee from each recognized political party.  Each ward's primary election is limited only to registered voters who reside within that ward; otherwise qualified electors who reside in other wards of the City of Tucson may not participate in the ward's primary election.  *See* Tucson City Charter ch. XVI, § 9.

24.     The candidates nominated in the ward-based primaries then compete in an at-large election held in November of the election year in which all qualified electors in the City of Tucson may participate.  Every qualified elector may select one candidate for each of the City Council seats appearing on the ballot.  The nominees compete in the general election only against other candidates nominated in the same ward.

25.     By way of illustration, candidates for the City Council seat designated to Ward 1 will run in a partisan primary to be held in August 2015.  The Republican primary electorate will be limited only to registered Republican voters and voters not enrolled in any recognized political party in Ward 1, to include Plaintiff Mr. Gonzales. Otherwise qualified electors residing in other wards of the City of Tucson, to include Plaintiffs Mr. Ash, Ms. Holden, Ms. Oien, and Mr. Smalley, will be prohibited from participating in Ward 1's Republican primary.

26.     The winners of the party primary elections in Ward 1 will compete against one another in an at-large general election to be held in November 2015.  All qualified electors in the City of Tucson, to include each of the Individual Plaintiffs, may cast a ballot for one of the candidates for the Ward 1 seat.

27.     Because they are ultimately selected in an at-large election in which all qualified electors of the City of Tucson are eligible to participate, "Tucson council members, although nominated by ward, represent the entire city."  *See City of Tucson v. State*, 273 P.3d 624, 631 (Ariz. 2012).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

28.     On at least eight occasions since 1991, a candidate has won election to the Tucson City Council in the at-large general election despite failing to carry the ward in which he or she resided and from which he or she had been nominated.

a.     In the December 1991 at-large general election, Janet Marcus was elected to the Tucson City Council seat designated to Ward 2 despite failing to win a plurality of the votes cast in the general election by residents of Ward 2.

b.     In the December 1995 at-large general election, Janet Marcus was elected to the Tucson City Council seat designated to Ward 2 despite failing to win a plurality of the votes cast in the general election by residents of Ward 2.

c.     In the December 1999 at-large general election, Carol West was elected to the Tucson City Council seat designated to Ward 3 despite failing to win a plurality of the votes cast in the general election by residents of Ward 3.

d.     In the December 2001 at-large general election, Kathleen Dunbar was elected to the Tucson City Council seat designated to Ward 3 despite failing to win a plurality of the votes cast in the general election by residents of Ward 3.

e.     In the December 2001 at-large general election, Fred Ronstadt was elected to the Tucson City Council seat designated to Ward 6 despite failing to win a plurality of the votes cast in the general election by residents of Ward 6.

f.     In the December 2009 at-large general election, Steve Kozachik was elected to the Tucson City Council seat designated to Ward 6 despite failing to win a plurality of the votes cast in the general election by residents of Ward 6.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

g.  In the December 2011 at-large general election, Paul Cunningham was elected to the Tucson City Council seat designated to Ward 2 despite failing to win a plurality of the votes cast in the general election by residents of Ward 2.

h.  In the December 2011 at-large general election, Shirley Scott was elected to the Tucson City Council seat designated to Ward 4 despite failing to win a plurality of the votes cast in the general election by residents of Ward 4.

## <u>COUNT I</u>

### U.S. CONST. AMEND. XIV, § 1; 42 U.S.C. §§ 1983, 1988
### (Denial of the Right to Vote)

29.  The allegations set forth in paragraphs 1 through 28 are incorporated herein by reference.

30.  Any person acting under color of state law who subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution [or] laws" of the United States is liable in a suit in equity.  42 U.S.C. § 1983.

31.  Section 1 of the Fourteenth Amendment to the United States Constitution provides that: "No state shall….deny to any person within its jurisdiction the equal protection of the laws."

32.  The Equal Protection Clause confers on each individual a "constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."  *See Dunn v. Blumstein*, 405 U.S. 330, 336 (1972); *see also Gray v. Sanders*, 372 U.S. 368, 379-80 (1963).

33.  Governmental enactments that deny or abridge an individual's right to participate in every aspect of the electoral process on an equal basis with other citizens in the jurisdiction are invalid unless they are narrowly tailored to advance a compelling governmental interest.

34.     Each member of the Tucson City Council is an elected representative of every resident of the City of Tucson.

35.     By prohibiting the Individual Plaintiffs from participating in certain ward-based primary elections for the Individual Plaintiffs' citywide representatives on the City Council solely on the basis of the geographic location of the Individual Plaintiffs' residence within the City of Tucson, the Hybrid System denies or abridges each of the Individual Plaintiffs' right to vote in violation of the Equal Protection Clause of the Fourteenth Amendment, thereby causing them irreparable injury.

36.     Use of the Hybrid System will violate the Equal Protection Clause rights of Alliance members who are qualified electors of the City of Tucson, thereby causing them irreparable injury.

37.     The Hybrid System does not constitute a narrowly tailored means of advancing any compelling governmental interest.

38.     In violating the constitutional rights of the Plaintiffs, the Defendants will be acting under color of Arizona law.

39.     An actual and justiciable controversy exists regarding the constitutionality of the Hybrid System, and a judgment of this Court will resolve the controversy.

40.     Plaintiffs are likely to succeed on the merits of their claim that the Hybrid System effectuates an unconstitutional denial or abridgement of the Individual Plaintiffs' right to vote.

41.     The balance of the equities and considerations of public policy support entry of an injunction.

42.     Accordingly, Plaintiffs are entitled to a declaration that the Hybrid System is unconstitutional, and to injunctive relief prohibiting its continued use in elections for the Tucson City Council.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

## COUNT II

### U.S. CONST., AMEND. XIV, § 1; 42 U.S.C. §§ 1983, 1988
**(Dilution of the Right to Vote)**

43.     The allegations set forth in paragraphs 1 through 42 are incorporated herein by reference.

44.     The dilution of any individual's vote relative to those of other electors violates the Equal Protection Clause of the Fourteenth Amendment. *See Reynolds v. Sims*, 377 U.S. 533 (1964).

45.     If each member of the Tucson City Council is deemed a representative of only the residents of his or her ward, then by permitting voters residing outside the represented jurisdiction to participate in the at-large general election for that ward's City Council seat, the Hybrid System dilutes the votes of each of the Individual Plaintiffs in violation of the Equal Protection Clause of the Fourteenth Amendment, thereby causing them irreparable injury.

46.     Use of the Hybrid System will violate the Equal Protection Clause rights of Alliance members who are qualified electors of the City of Tucson, thereby causing them irreparable injury.

47.     The Hybrid System does not constitute a narrowly tailored means of advancing any compelling governmental interest.

48.     In violating the constitutional rights of the Plaintiffs, the Defendants will be acting under color of Arizona law.

49.     An actual and justiciable controversy exists regarding the constitutionality of the Hybrid System, and a judgment of this Court will resolve the controversy.

50.     Plaintiffs are likely to succeed on the merits of their claim that the Hybrid System effectuates an unconstitutional dilution of the Individual Plaintiffs' right to vote.

51.     The balance of the equities and considerations of public policy support the entry of an injunction.

9

52.     Accordingly, Plaintiffs are entitled to a declaration that the Hybrid System is unconstitutional, and to injunctive relief prohibiting its continued use in elections for the Tucson City Council.

## COUNT III

### ARIZ. CONST. ART. II, § 13
### (Denial of Equal Privileges and Immunities)

53.     The allegations contained in paragraphs 1 through 52 are incorporated herein by reference.

54.     Article II, Section 13 of the Arizona Constitution provides that "[n]o law shall be enacted granting to any citizen, class of citizens, or corporation…privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

55.     By (a) prohibiting the Individual Plaintiffs from participating in certain ward-based primary elections for the Individual Plaintiffs' citywide representatives on the City Council solely on the basis of the geographic location of the Individual Plaintiffs' residence within the City of Tucson; or alternatively (b) diluting the weight of the Individual Plaintiffs' votes by permitting voters outside the represented jurisdiction to participate in the election of their representatives, the Hybrid System denies or abridges each of the Individual Plaintiffs' right of equal privileges and immunities under the Arizona Constitution, thereby causing them irreparable injury.

56.     Use of the Hybrid System will violate the equal privileges and immunities rights of Alliance members who are qualified electors of the City of Tucson, thereby causing them irreparable injury.

57.     The Hybrid System does not constitute a narrowly tailored means of advancing any compelling governmental interest.

58.     An actual and justiciable controversy exists regarding the permissibility of the Hybrid System under the Arizona Constitution, and a judgment of this Court will resolve the controversy.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

59.     Plaintiffs are likely to succeed on the merits of their claim that the Hybrid System denies the Plaintiffs equal privileges and immunities under the law, in violation of Article II, Section 13 of the Arizona Constitution.

60.     The balance of the equities and considerations of public policy support the entry of an injunction.

61.     Accordingly, Plaintiffs are entitled to a declaration that the Hybrid System violates Article II, Section 13 of the Arizona Constitution, and to injunctive relief prohibiting its continued use in elections for the Tucson City Council.

## COUNT IV

### ARIZ. CONST. ART. II, § 21
**(Violation of Free and Equal Elections Clause)**

62.     The allegations contained in paragraphs 1 through 61 are incorporated herein by reference.

63.     Article II, Section 21 of the Arizona Constitution provides that "[a]ll elections shall be free and equal, and no power…shall at any time interfere to prevent the free exercise of the right of suffrage."

64.     By (a) prohibiting the Individual Plaintiffs from participating in certain ward-based primary elections for the Individual Plaintiffs' citywide representatives on the City Council solely on the basis of the geographic location of the Individual Plaintiffs' residence within the City of Tucson; or alternatively (b) diluting the weight of the Individual Plaintiffs' votes by permitting voters outside the represented jurisdiction to participate in the election of their representatives, the Hybrid System effectuates an unequal election and interferes with each of the Individual Plaintiffs' free exercise of their right of suffrage, thereby causing them irreparable injury.

65.     Use of the Hybrid System will interfere with the free exercise of the right of suffrage by Alliance members who are qualified electors of the City of Tucson, thereby causing them irreparable injury.

66.    The Hybrid System does not constitute a narrowly tailored means of advancing any compelling governmental interest.

67.    An actual and justiciable controversy exists regarding the permissibility of the Hybrid System under the Arizona Constitution, and a judgment of this Court will resolve the controversy.

68.    Plaintiffs are likely to succeed on the merits of their claim that the Hybrid System effectuates unequal elections and interferes with the Plaintiffs' free exercise of the right of suffrage, in violation of Article II, Section 21 of the Arizona Constitution.

69.    The balance of the equities and considerations of public policy support the entry of an injunction.

70.    Accordingly, Plaintiffs are entitled to a declaration that the Hybrid System violates Article II, Section 21 of the Arizona Constitution, and to injunctive relief prohibiting its continued use in elections for the Tucson City Council.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs demand relief in the following forms:

A.    a declaration pursuant to 28 U.S.C. §§ 2201, *et seq.* that the Hybrid System for electing Tucson City Council members provided by Chapter XVI, Section 9 of the Tucson City Charter is unconstitutional as a violation of (i) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (ii) Article II, Section 13 of the Arizona Constitution; and/or (iii) Article II, Section 21 of the Arizona Constitution;

B.    an order pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65 enjoining the Defendants from enforcing or relying upon Chapter XVI, Section 9 of the Tucson City Charter in connection with the August 2015 and November 2015 Tucson City Council elections, and all primary and general elections for the Tucson City Council held thereafter;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

C.    an order pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65 providing that, pending an amendment to the Tucson City Charter that is consistent with the United States and Arizona Constitutions, all candidates for Tucson City Council must be nominated and elected on an entirely ward-based or an entirely at-large basis, although the candidate residency requirements imposed by Chapter XVI, Sections 5 and 9 of the Tucson City Charter may be enforced;

D.    an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the private attorney general doctrine, and other applicable law; and

E.    such other relief as the Court deems necessary, equitable, proper, or just.

DATED this 6th day of April, 2015.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _s/Thomas J. Basile_
Kory A. Langhofer
Thomas J. Basile
One East Washington Street, Suite 2400
Phoenix, Arizona 85004
_Attorneys for the Plaintiffs_

13